IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL RAY REEVES,
#B-82558,

   Petitioner,

vs.             Case No. 16–cv–01290–DRH

JEFFREY HUTCHINSON,

   Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

  Petitioner Michael Reeves brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in order to challenge his 2007 convictions in Massac County, Illinois (Case No. 00-CF-91). (Doc. 1). This matter is now before the Court for a preliminary review of the § 2254 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the § 2254 Petition, the Court concludes that it warrants further review.

### I.  Background

On December 14, 2007, Reeves was convicted in Massac County of 1 count of aggravated criminal sexual assault, 1 count of aggravated kidnapping, and 2 counts of criminal sexual assault. (Doc. 1, p. 1). On March 22, 2008, he was sentenced to 52 years of imprisonment, including consecutive sentences of 22 years, 18 years, 6 years, and 6 years, respectively. *Id*. Reeves is currently serving his sentence at Menard Correctional Center ("Menard"). *Id*.

Reeves seeks to overturn his conviction on five separate grounds related to the ineffective assistance of his counsel and the denial of a fair trial. (Doc. 1, pp. 9-20). This is neither the first time that Reeves has attempted to bring a federal habeas action in this District, nor the first time that he has asserted these grounds for relief. *See also Reeves v. Rednour*, No. 10-cv-00869-DRH-DGW (S.D. Ill. 2010) ("First Petition"); *Reeves v. Atchison*, No. 12-cv-00630-DRH (S.D. Ill. 2012) ("Second Petition"). With one exception, the prior habeas petitions were dismissed without prejudice because of Reeves' failure to exhaust state court remedies before pursuing federal habeas relief. *Reeves v. Rednour*, No. 10-cv-00869-DRH-DGW (S.D. Ill. 2010) (dismissed entire petition without prejudice for failure to exhaust state court remedies on Dec. 21, 2011); *Reeves v. Atchison*, No. 12-cv-00630-DRH (S.D. Ill. 2012) (dismissed Grounds 1-7 and 9-12 without prejudice for failure to exhaust state court remedies on Aug. 28, 2012). To the extent he reasserts these grounds for relief, Petitioner indicates that he has now exhausted his state court remedies.

The Court notes a single exception. Reeves was already allowed to proceed with one challenge to his Massac County convictions in his Second Petition, *i.e.* Ground 8. *Reeves v. Atchison*, No. 12-cv-00630-DRH (S.D. Ill. 2012) (Doc. 4). This Court considered Ground 8, a claim that Reeves was denied a speedy trial. However, the Court ultimately entered an order dismissing the claim with prejudice on January 6, 2014. *Reeves v. Atchison*, No. 12-cv-00630-DRH (S.D. Ill. 2012) (Doc. 20). In the same Order, the Court declined to issue Reeves a certificate of appealability. *Id*. The Court will not revisit this decision.

That being said, the Court finds that further review of this matter is warranted. Respondent will be ordered to answer the § 2254 Petition or otherwise file a responsive pleading. This Order should not be construed as a decision regarding the merits of any particular claim asserted in the § 2254 Petition. In addition, the Order does not preclude the Government from making whatever argument it wishes to present, be it waiver, exhaustion, forfeiture, timeliness, *etc*. *See, e.g.*, 28 U.S.C. § 2254(b)-(c); *O'Sullivan v. Bourke,* 526 U.S. 838, 839 (1999); *Picard v. Connor,* 404 U.S. 270, 275 (1971); *Urawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998).

On a closing note, it has come to the Court's attention that Jacqueline Lashbrook has replaced Jeffrey Hutchinson as the Warden of Menard. The proper respondent is the warden of the facility where the prisoner is being held. *See* Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts. Reeves is still housed at Menard. In accordance with Rule 25(d) of the

Federal Rules of Civil Procedure and Rule 25 of the Federal Rules of Civil Procedure, Jeffrey Hutchinson will be dismissed and replaced with Jacqueline Lashbrook as the Respondent in this action.

## II.     Pending Motions

Petitioner's Motion to Appoint Counsel (Doc. 3) shall be **REFERRED** to United States Magistrate Judge **CLIFFORD J. PROUD** for a decision.

Petitioner's Motion to Supplement Writ of Habeas Corpus with Memorandum of Law and Exhibits (Doc. 6) is **GRANTED**.  Although the Court does not normally accept piecemeal amendments to the Petition, the request was made early in the case.  The Clerk shall be directed to refile the Petition for Writ of Habeas Corpus (Doc. 1, 1-1, 1-2, 1-3, and 1-4), along with the Supplement (Doc. 6), as the "First Amended Petition" in CM/ECF.

## III.    Disposition

The Clerk is directed to **REFILE** the Petition for Writ of Habeas Corpus (Doc. 1, 1-1, 1-2, 1-3, and 1-4) and Supplement (Doc. 6) together as the "First Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" in CM/ECF.

**IT IS HEREBY ORDERED** that Respondent **JEFFREY HUTCHINSON**, the state official who had custody of Reeves at the time of filing, is no longer Warden of Menard Correctional Center and is therefore **DISMISSED** from this action.  In his place, the Clerk is directed to **ADD** Respondent **JACQUELINE LASHBROOK**, the current Warden of Menard Correctional Center.  See FED. R. CIV. P. 25(d).

This action shall now be captioned *Michael Ray Reeves, Petitioner v. Jacqueline Lashbrook, Respondent*.

**IT IS HEREBY ORDERED** that the First Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 shall proceed past preliminary screening.

**IT IS FURTHER ORDERED** that Respondent Jacqueline Lashbrook shall answer the Petition or otherwise plead within thirty (30) days of the date this Order is entered (on or before March 13, 2017).[1]  This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present.  Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois, 60601 shall constitute sufficient service.

**IT IS ALSO ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge **Clifford J. Proud** for further pre-trial proceedings, including a decision on the Motion to Appoint Counsel (Doc 3).

**IT IS FURTHER ORDERED** that this entire matter is **REFERRED** to Magistrate Judge **Proud** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Reeves is **ADVISED** of his continuing obligations to keep the Clerk (and Respondent) informed of any change in his whereabouts during this action.

---

[1] The response date ordered herein is controlling.  Any date that CM/ECF should generate in the course of this litigation is a guideline only.

This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: February 9, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.02.09 15:48:19 -06'00'

_____
**United States District Judge**