IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL RAY REEVES,

    Petitioner,

vs.                             Civil No. 16-cv-1290-DRH-CJP

JACQUELINE LASHBROOK,

    Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

In 2007, a jury in Massac County, Illinois, convicted petitioner Michael Ray Reeves of three counts of aggravated criminal sexual assault and one count of aggravated kidnapping. He was sentenced to a total of fifty-two years imprisonment. See, *People v. Reeves,* Rule 23 Order on Second Direct Appeal, Doc. 8, Ex. 1, p. 27.[1]

Reeves filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 8). He alleges five grounds related to ineffective assistance of counsel and the denial of a fair trial.

This matter is now before the Court on respondent's Motion to Dismiss Habeas Corpus Petition. (Doc. 11). Respondent argues that the petition must be dismissed because it is a successive petition and Reeves has not obtained permission for leave to file under 28 U.S.C. §2244(b)(3). Petitioner responded to the motion at Doc. 16.

---

[1] The Court uses the document, exhibit and page numbers assigned by the CM/ECF system.

## Relevant Facts and Procedural History

Petitioner filed two direct appeals and several state court postconviction proceedings. In the posture of this case, it is not necessary to delineate the claims raised in his state court proceedings. It suffices to note that petitioner's direct appeal and all postconviction proceedings were unsuccessful and that he remains in custody pursuant to the original judgment.

Reeves filed his first §2254 petition challenging his Massac County convictions in this district in 2010. This Court dismissed the petition without prejudice because state remedies had not been exhausted. *Reeves v. Rednour*, Case No. 10-cv-869-DRH-DGW, Doc. 26.

Reeves filed his second §2254 petition challenging his Massac County convictions in this district in 2012. That petition set forth twelve grounds for relief, including ineffective assistance of counsel and denial of a fair trial. At the time he filed that habeas petition, his appeal from the dismissal of his postconviction petition was pending. Reeves admitted in the petition that he was still pursuing state remedies as to at least eleven of his grounds. *Reeves v. Atchison*, Case No. 12-cv-630-DRH, Doc. 1. On preliminary review, this Court determined that the petition was "mixed" and dismissed all but one of the grounds without prejudice because state remedies had not been exhausted. The petition was allowed to proceed on one ground, denial of petitioner's right to a speedy trial. Case No. 12-cv-630-DRH, Doc. 4. The speedy trial claim was denied on the merits in January 2014. Case No. 12-cv-630-DRH, Doc. 20. Reeves

appealed. The Seventh Circuit denied a certificate of appealability in May 2014. Case No. 12-cv-630-DRH, Doc. 38.

## Applicable Legal Standards

A person convicted in state court is generally limited to filing only one petition for writ of habeas corpus in federal court. 28 U.S.C. §2244(a).

28 U.S.C. §2244(b)(1) provides that "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." However, a second or successive petition may be filed asserting certain types of claims that have not been previously presented:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§2244(b)(2).

Before filing a second or successive petition asserting a §2244(b) claim, a petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." §2244(b)(3)(A).

The district court is without jurisdiction to entertain a second or successive petition that has been filed without the authorization of the court of appeals. *Burton v. Stewart*, 127 S. Ct. 793, 799 (2007); *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006).

## Analysis

Respondent represents that petitioner did not seek or obtain authorization to file the current habeas petition. Doc. 11, p. 2. Petitioner does not claim otherwise. Rather, he suggests that the current petition is not "second or successive" because his prior petitions were dismissed for failure to exhaust state remedies.

Petitioner cites *In re Gasery*, 116 F.3d 1051 (5th Cir. 1997), for the proposition that a §2254 petition filed after a previous petition has been dismissed for failure to exhaust state remedies is not "second or successive." That general proposition is correct. *Slack v. McDaniel*, 120 S. Ct. 1595, 1605 (2000). Reeves' case does not fit within that general rule, however, because Reeves' second petition (Case No. 12-630-DRH) was not dismissed in its entirety; the speedy trial claim was not dismissed but was decided on the merits.

The response to the second habeas petition clearly explained that, by proceeding to adjudication on the merits of the speedy trial claim, Reeves ran the risk of having a subsequent petition barred as successive. See, Case No. 12-630-DRH, Doc. 9, pp. 6-7. Reeves filed a reply, Doc. 10, in which he argued only the merits of his speedy trial claim. Reeves did not challenge the dismissal of his

other claims or seek to have the entire petition dismissed without prejudice. Further, on appeal to the Seventh Circuit, Reeves again argued only the merits of his speedy trial claim and did not challenge the dismissal of his other claims. *Reeves v. Butler*, Case No. 14-1093 (7th Cir.).

Both the instant petition and the petition filed in Case No. 12-630-DRH challenge the same Massac County judgment. The petition filed in Case No. 12-630-DRH was adjudicated on the merits as to one claim. A §2254 petition filed after a previous petition was adjudicated on the merits is a successive petition. *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).

This Court does not have jurisdiction to consider Reeves' petition unless he obtains leave to file from the Seventh Circuit Court of Appeals. *Burton, supra*, 127 S. Ct. at 799.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). Both components must be established for a COA to issue.

Here, it is clear that this Court is without jurisdiction to entertain Reeves' petition because it is a second or successive petition filed without the authorization of the Court of Appeals. No reasonable jurist would find the issue debatable. Accordingly, the Court denies a certificate of appealability.

## Conclusion

Respondent's Motion to Dismiss Habeas Corpus Petition (Doc. 11) is **GRANTED**.

This action is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE: May 17, 2017**

Judge Herndon
2017.05.17
17:05:13 -05'00'

**United States District Judge**

## Notice

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

A certificate of appealability is required to appeal from the dismissal or denial of a §2254 petition. Rule 11 of the Rules Governing §2254 Cases requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability. Here, the Court has denied a certificate. In order to appeal the dismissal or denial of his petition, petitioner must obtain a certificate of appealability from the court of appeals.

Petitioner cannot appeal from this Court's denial of a certificate of appealability. Further, a motion to reconsider the denial does not extend the time for appeal. See, Rule 11(a).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the thirty day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.