IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL RAY REEVES,**

**Petitioner,**

**vs.**

**JACQUELINE LASHBROOK,**

**Respondent.**                                    Case No. 16-cv-1290-DRH-CJP

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court on petitioner Michael Ray Reeves' motion for certificate of appealability (Doc. 22) and motion for leave to appeal *in forma pauperis* without prepayment of the usual $505.00 appellate docketing fee. *See* 28 U.S.C. § 1913; 28 U.S.C. § 1917 (Doc. 23). On May 18, 2017, the Court denied Reeves' petition for lack of jurisdiction (Doc. 18) and judgment was entered reflecting the same (Doc. 19). Based on the following, the Court **DENIES** the motion for leave to appeal *in forma pauperis* (Doc. 23) and **DENIES as moot** the motion for certificate of appealability (Doc. 22).

Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE provides that a party to an action in federal district court who desires to appeal *in forma pauperis* must first file a motion in the district court requesting leave to appeal without payment of fees and costs. *See* Fed. R. App. P. 24(a)(1). The motion must be supported by an affidavit that: (1) shows the party's inability to pay or to give

security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. *See id*.

In evaluating petitioner's motion to appeal IFP, the Court must determine whether the appeal is taken in good faith. As to the good faith requirement, the Court must "find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). "[A]n appeal in a frivolous suit cannot be 'in good faith' under § 1915(a)(3), because 'good faith' must be viewed objectively." *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000). *See also Lee*, 209 F.3d at 1026; *Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995) ("[T]he granting of leave to appeal in forma pauperis from the dismissal of a frivolous suit is presumptively erroneous and indeed self-contradictory.") That said, a district court is under an obligation "not to apply an inappropriately high standard when making good faith determinations." *Pate v. Stevens,* 163 F.3d 437, 438 (7th Cir. 1998).

In the case at bar, Reeves' appeal is not taken in good faith. Reeves' Section 2254 petition was dismissed because it is a successive petition and Reeves did not obtained permission for leave to file under 28 U.S.C. §2244(b)(3). A person convicted in state court is generally limited to filing only one petition for writ of habeas corpus in federal court. 28 U.S.C. §2244(a). Reeves has filed three §2254 petitions challenging his Massac County convictions in this district in 2010, 2012, and now 2016. Given Reeves' previous filings, this Court was without jurisdiction

to entertain a second or successive petition that has been filed without authorization from the Court of Appeals. *Burton v. Stewart*, 127 S. Ct. 793, 799 (2007); *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006). Thus, his appeal is deemed to be in bad faith and the motion for leave to appeal *in forma pauperis* on appeal is denied.

**IT IS HEREBY ORDERED** that Reeves' motion for leave to appeal *in forma pauperis* on appeal (Doc. 23) is **DENIED**. Reeves shall tender the appellate filing and docketing fee of $505.00 to the Clerk of the Court in this District within **THIRTY (30) days** of the entry of this Order or he may reapply with the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal. Lastly, the Court **DENIES as moot** the motion for certificate of appealability (Doc. 22) as the Court previously declined the certificate.

**IT IS SO ORDERED.**

Signed this 7th day of June, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.06.07 14:40:48 -05'00'

**United States District Judge**